IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| KURBY GERALD DECKER, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Case No. 6:20-cv-104-JDK-JDL |
| § | |
| DIRECTOR, TDCJ-CID, § | |
| § | |
| Respondent. § | |

### ORDER ADOPTING REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Kurby Gerald Decker, a Texas Department of Criminal Justice inmate proceeding pro se, filed this federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred to United States Magistrate Judge John D. Love for findings of fact, conclusions of law, and recommendations for disposition. Here, Petitioner complains that although a disciplinary offense conviction was overturned, the punishments imposed based on that conviction— including the loss of good-time credit, a reduction in classification status, and an extension of his mandatory supervision release date—have not been reversed.

On March 8, 2021, Judge Love issued a Report and Recommendation recommending that the Court dismiss the petition without prejudice as moot. Judge Love also recommended that a certificate of appealability be denied. Docket No. 29. The Report explains that Petitioner's evidence of ongoing punishment from the overturned disciplinary case predate the overturning of the case. *Id.* at 4–5. Judge Love also determined that Petitioner's denial of parole was based on several reasons,

1

including reasons unrelated to the disciplinary case. *Id.* at 4. Further, Petitioner has no liberty interest in release on parole and thus cannot challenge any state parole review procedure on substantive or procedural due process grounds. *Id.* Finally, Judge Love concluded that changes in Decker's minimum sentence expiration date did not implicate a constitutionally protected liberty interest because timing of his release is too speculative. *Id.* at 5. Petitioner objected. Docket No. 37.

Where a party objects within fourteen days of service of the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In his objections, Petitioner asserts that the Magistrate Judge "failed to develop a factual basis" for the Report. Docket No. 37 at 1. He argues that the State has offered no evidence that the classification records he submitted are incorrect and that his case is not moot because the taking of his good time extended his confinement. He attaches a copy of the July 12, 2019 time slip showing that he received the disciplinary case and was demoted in classification status and lost fifteen days of good time. But the submitted time slip dates from July 2019, while his disciplinary case was overturned August 2019. *See* Docket No. 30 at 5. Thus,

2

Petitioner has failed to rebut the Director's assertion that the disciplinary case was overturned and the punishments deleted from Petitioner's record.

Having conducted a de novo review of the Report and the record in this case, the Court has determined that the Report of the United States Magistrate Judge is correct, and Petitioner's objections are without merit. The Court therefore **OVERRULES** Petitioner's objections (Docket No. 37) and **ADOPTS** the Report and Recommendation of the Magistrate Judge (Docket No. 29) as the opinion of the District Court. Petitioner's petition for habeas corpus is hereby **DISMISSED** without prejudice as moot. Further, the Court **DENIES** a certificate of appealability.

So **ORDERED** and **SIGNED** this **3rd** day of **August, 2021.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE